May I please the court? Practically speaking there is only one question in this particular appeal. Does the court the Veterans Court have jurisdiction or lack jurisdiction over the July 2016 board decision in the companion case? As goes the court's decision in that case so goes the court's decision in this case. In any scenario in answering that question this court need not reach the merits to decide whether the Veterans Court use the correct legal standard in deciding a writ of prohibition. In the first scenario the court could say in the companion case that the Veterans Court did not have jurisdiction over the July 2016 BVA decision and in that case the only element that we argue exists for a writ of prohibition in the jurisdictional context is the question of jurisdiction. Since that question disappears or fades away with a denial of jurisdiction there's no need to issue or address or reach the merits of what the elements are of a writ of prohibition. Why is your request in the first case for a writ of prohibition still a viable case? Because you've asked for a writ of prohibition to enjoin the R.O. from going forward but they've already gone forward. There is if I'm understanding your question Judge Lynn there's one scenario where the court would need to consider a writ of prohibition and it's not the merits that would be necessary it's whether or not the circumstances have changed. Because the board went ahead and developed this case on remand while we were arguing for jurisdiction at the Veterans Court they have essentially usurped the court's jurisdiction. That is not an issue if the court says there's no jurisdiction on the companion case because then it just kind of moots the issue. But if the court finds that there is jurisdiction it also it's not really moots it but it becomes a question of whether Cerullo applies. What relief did you request in your writ of prohibition? We asked the Veterans Court to tell the board not to develop the issue that we were appealing and to preserve the status quo. That issue has already been developed. I would disagree respectfully your honor the issue that was developed and we would not have probably appealed to this court on this prohibition issue had the February 2017 supplemental statement a case that was issued on remand addressed the actual issue that was remanded. So the board remanded I'm sorry yes the court remanded the board the board remanded back to the regional office to consider this question of whether or not the veterans lymphoma which caused his death was directly related to service. That was the remanded issue. No I don't think that's true. The question is whether the central question here is whether there's a final judgment that with respect to one of these claims allows you to go to the Veterans Court or whether there's not a final judgment in which case you can't go. And if you look at appendix 78 which is the board remand from 2016 it looks to me as though they remanded both theories or both claims for further development. Why is that wrong? I read the board decision a your honor I've read the board decision it talked and I believe it was the early part and I can pull it out and get you the exact citations to the page numbers it initially talked about that before the the first round actually the second round before the board in the 2014 decision. Remanded for both right? Correct. And that and then they when they do the subsequent remand which I guess is set forth at A80 they say that the Schmidt opinion should be considered right but the Schmidt opinion is limited to the shoulder theory isn't it? It's not your honor. The Schmidt opinion addressed several different theories of service connection of the cause of death. It said one theory was that it materially contributed that the service connected shoulder injury materially contributed to the cause of death from lymphoma because it prevented the ability to get the full benefit of the lymphoma treatments and as a result he died from a lymphoma that he probably would have been cured. That was one theory that Dr. Schmidt opined about. She also opined that there was a direct connection to the shoulder injury and that she argued that the or she opined that the shoulder injury led to the lymphoma as a matter of medical causation or medical nexus and those are two separate issues. Your theory then is that it should not have been remanded should have been decided on the record and if in fact the record was inadequate because it was one-sided then everything's over. Are you better off? Would you have been better off? If I'm understanding correctly judge you're understand what with this writ of prohibition what the goal would have been had it not been remanded. The writ of prohibition was was meant to protect the issue that we were appealing to the court. We see them as two separate issues. We see the issue being remanded as this question of the direct link between lymphoma and military service. That was the remanded issue. We see the issue that was denied by the board in that July 2016 decision as a denial. You don't need to develop that first remanded issue if in fact you're unless you're denying the other issue which is the one that Dr. Schmitt specifically opined about saying that the treatment from lymphoma was not he was not able to get the full benefit of the treatment from lymphoma because of the shoulder injury. What's the basis for saying that that claim was rejected? It seems to me that in remanding they're very clear to consider the opinion of Dr. Schmitt which came in 2016 after the 2014 remand and why are they not supposed to consider both theories on the remand? I think the way I read the board decision your honor is that it didn't talk about reviewing the Dr. Schmitt opinion in the context of the issue that we were appealing. It talked about reviewing it. It doesn't distinguish. It's very clear that the oncologist must address the opinion offered by Dr. Schmitt and it goes on and it is clear that that opinion has to be considered and that opinion primarily addresses the shoulder injury. In the context of the board remand though saying to address the question of direct service connection the mention of Dr. Schmitt's or reviewing Dr. Schmitt's opinion necessarily becomes related to that and so she rendered several opinions on several issues and if the board had come down and said we also want to have them comment on whether or not the shoulder injury contributed to the cause of death from lymphoma because it didn't allow him to take full benefit of the lymphoma treatments then we probably wouldn't be here today because I would agree with you that it directly addressed and directly remanded. Certainly wouldn't be here on the writ of prohibition. We might still be here on the jurisdictional question in the companion case because that's a slightly different issue. I don't understand that. I mean if there's if the remand covered both theories there's nothing wrong with what the Veterans Court did and no basis for I don't this kind of gets into the jurisdictional argument in the companion case your honor the fundamental flaw in that decision on that piece of the companion case. But it addressed my statement. Is that not correct? If in fact the board remanded to have both theories considered and there's nothing wrong with the decision of the Veterans Court. Yes we would still argue that there is something wrong with that because because of the fact that we put in into evidence an opinion which addresses a issue which the board should decide whether or not to accept that opinion under 5125 and remanding it to get an additional opinion on that issue is in our opinion development to deny. Now that is not a final decision. Right? Because then it would just be a remand on all the issues. And we don't have jurisdiction to review something which is not final. This court always has jurisdiction to review a decision on jurisdiction by the Veterans Court and we believe that the Veterans Court erred in saying that they do not have jurisdiction over a final decision. 7252 is clear in talking about jurisdiction extends to decisions and the issue of finality only comes into play when we're talking about the timeline under 7266. That's the only time finality comes into play. I'm sorry, I really don't understand what you're saying. If there's a remand here to consider both issues, what is it that's wrong? What should the Veterans Court have done? The Veterans Court should have allowed the appeal to proceed on the board's request to address the medical opinion that we presented. We presented a competent, credible medical opinion. The board doesn't have the authority to go back and get evidence to corroborate a medical opinion. In fact, 5125 says that unless there's some basis for finding it lacks competence or credibility, which they never articulated any basis, that they have the discretion to accept that. And we believe they should. And that's the issue that we are appealing in the substance of the companion case. When we get to the merits of the companion case, we're appealing that the court should have entertained whether or not it was proper to remand, or proper to address the theory that Ms. Poole raised, which is the service connection of the, I'm getting myself confused now a little bit, but that's the portion that we wanted the court to consider, was whether or not the board acted properly in remanding to consider its theory while there is evidence of a theory that could establish service connection in the case. And the board made no comment on the credibility or competency of that opinion. Is it your position that the board made a decision on your theory of the case? Yes, that is our opinion. Where is that decision? There are no words in that particular July 2016 that says... Usually that's how the board decides things. Yes, 7104D provides three elements that shall be in a board decision. Adequate reasons and bases is 7104D1. And 7104D3 says that there must be a grant of appropriate relief or denial of relief. Now, when the court looks at cases where the board has not put in that first element, that reasons or bases, the court has never, to my knowledge, come back and said, we don't have jurisdiction because the board didn't address reasons and bases. They say we have jurisdiction, but they eventually remand it back so that they can get a clear decision to review. But even if there wasn't a fulsome explication of their reasoning, there had to have been a decision. Where is the decision articulated in the board's opinion? The decision in the board's opinion, by making a decision to remand for a legal theory that does not need to be developed unless it is denying the other theory, that's the decision. So you're saying they implicitly denied your theory. I'm saying that they did not come out and say we are denying. I'm not saying they implicitly denied it. I'm saying they did not explicitly. And I think there's a subtle difference there because I think that it goes to the heart of the court's jurisdiction under 7252. The idea was to take the BVA and the secretary out of this splendid isolation from judicial review and to allow the court to review decisions of the board. How can you say that in light of the fact that in the board they made it very clear that in the remand that there was no specific theory identified or set forth. They simply requested that Dr. Schmitt's opinion be reviewed completely and on whatever issue happens to be present. In 2009, the board issued a decision that the court came back in a memorandum decision and said you didn't address the issue of section 1310 DIC. The silence by the board in that case did not deprive the court of jurisdiction. In fact, it gave jurisdiction and it was symbolic of error. In 2014, when the board issued a decision that didn't address the adequacy of the medical opinion as it was supposed to under the terms of its own remand, the court looked at that and didn't say that we lack jurisdiction because the board was silent on this. We have jurisdiction and the board is required to address it. And we say the same thing here is that even though the board did not come out and say we are denying Ms. Poole's legal theory, they effectively did just that and that's what she's appealing. The board cannot hide and evade judicial review by choosing not to express a decision in the same way it can't evade judicial review by choosing not to express reasons and bases under 7104 D1. Well, you will have judicial review ultimately when the case is fully decided, which I understand it has been. You have a chance to review all of these issues, including your theory and whatever other theories are contained in that decision, correct? To that extent, it's a question of justiciability and that's what we're saying is that there's a fine difference. If we go back and look at all these decisions, and I can get into this more in the companion case, but if we look at all these decisions, whether it's Ledford, whether it's Howard, whether it's Kirkpatrick, whether it's Tyrus, the driving concern underlying all those are issues that are traditionally justiciability and not jurisdiction. Under your theory, you're creating a terrible situation for veterans, which is addressed to some extent by Judge Newman's dissent in Tyrone. You're saying that you have to parse these decisions and look for an implicit denial, and if there's an implicit denial of a claim, you have to seek review at that time or forfeit the ability to do so later. So it seems to me you're creating a nightmare for veterans and their counsel trying to figure out whether there's an implicit denial of a claim that they have to appeal immediately or they can wait. Whereas if you look for explicit language, at least somebody can tell that there's been a decision on the claim and that they have an obligation to appeal. And two things to that, Judge. The first thing is that the board can choose what it writes and doesn't write, and so requiring it to put into writing a decision granting or denying relief, it can evade judicial review by not doing that. But the second piece of that is we don't think that we're creating confusion for veterans or difficulty for veterans. What we think we're doing in this argument is we are opening up the opportunity for the- You're not addressing- under Tyrone, if there's a final decision with respect to a claim, you have to appeal it right then. You can't wait. So under your theory in this case where you agree there's no explicit statement, you're creating a situation where the veteran must read that decision, find an implicit denial, and appeal immediately at the risk of forfeiting the claim by not appealing. No, Your Honor, we're not saying that because of the fact that Tyrone- We're not, but that's what Tyrone says, isn't it? That if there's a final decision with respect to a claim, you've got to appeal. Tyrone said if there's a clear and definitive denial, and in those cases where there's not a clear and definitive denial- Oh, so we're going to be trying to decide whether there's a clear and definitive denial, in which case you have to appeal, or whether there's something less than a clear and definitive denial, in which case you may appeal but don't have to? This Court should not decide that, Your Honor. The Veterans Court should under the theory of justiciability. But that's your theory. You're creating a distinction so that the veteran has to say, well, is this a clear denial or not a clear denial, and maybe I have to appeal if it's a clear denial, but I don't have to appeal if it's not a clear denial? I mean, seriously, what a mess. I don't see it the same way, Your Honor, because I see the veteran being faced with a decision from the board that may or may not be clear, and if it's clear, then this isn't an issue. We know what a final decision is based on TIRUS, but if it's not clear, the veteran is in the conundrum that Judge Newman talked about in the TIRUS dissent, and that's resolved by saying that 7252 covers all decisions of the board and let the court sort out the justiciability. Is it ripe? Is it moot? Has the remedy been exhausted? All of those different questions that the Veterans Court is in a great position, a far better position than this Court to address those because of the sheer numerosity of the decisions it faces. Just to be sure I understand your position, you would foreclose the possibility of confirmatory medical evidence to confirm service connection and take the chance that as a final decision, which on facts which we can't review, that the Veterans Court would decide against the evidence that's been provided as being too equivocal or indecisive or whatever they might choose to say, that that seems to be what you're asking for, and perhaps as a view as to how to approach these complex issues, something can be said for it, but isn't that where you're taking us? That if, in fact, we granted your request for prohibition, then the additional evidence, which was not in your favor, would not have been obtained, and that would end it. You're saying you necessarily might win, but that's hard to say. It was equivocal. Let's hear from the other side. Yes, Your Honor. Good morning, Your Honors, and may it please the Court. On this question of the writ of prohibition, the only legal question is whether the Court was correct to deny that. The Court was for the reasons that this panel has identified. There has been no final decision. There's been no decision. There's been only a remand order, and under Kirkpatrick and Tyrous, a remand order is not appealable to us. Well, they say the remand was improper. Isn't that what would have to be decided in order to grant the writ? Doesn't that underlie the request? That does underlie the request, but the standard for issuing the writ has two prongs. One is a clear and indisputable right, and whether a remand is improper, it would have to be a clear and indisputable right, so the remand would clearly and indisputably have been improper. But more importantly, Your Honor, there needs to be no alternate way of obtaining relief, and here there's the avenue of direct appeal that Ms. Poole can always avail herself of when if, for whatever reason, her claim is denied, she can appeal that as all the veterans' cases that come before this Court do typically in that order. She can appeal it to the Veterans Court and then up to this Court. So there's no reason to issue the writ because basically they're seeking a substitute for the standard development process. Do you agree that the remand covered both issues, both theories? Your Honor, our position is there's only one theory, and the remand covered that. There are two theories. One is the shoulder injury, which was service-connected, prevented her husband from having the good health that would have prevented the lymphoma. The other one is direct connection for the lymphoma. Both of those theories were remanded, right? Your Honor, it's easy. Why is the answer not yes? The answer is because our position is that the question that was remanded is whether the shoulder injury caused the lymphoma. Now, they say that there are two different theories. Our position is that there's only – there may be different theories, but there's only one question that was remanded for additional evidence. There's been no decision by the Veterans Court on either of those two theories, the shoulder theory or the direct connection theory. That's correct, Your Honor, yes. So both of those theories will be open in a later appeal, right? Yes. And that's one of the reasons why the writ was properly denied here. You know, the extraordinary delays that we are seeing in a lot of these proceedings shouldn't be ignored. If you're on a path and get up to a certain stage through the RO, through the BVA, and through the Veterans Court, one can hope for resolution. Yes, Your Honor, and this case has sort of wound its way through several remands. The last remand, though, that was a joint remand where the parties agreed that the board didn't properly consider – the board didn't properly consider whether the death was etiologically related to service, and the parties agreed that it should be remanded. When it was remanded, NISPOL did put in additional evidence, and then the board remanded to obtain even further evidence. And this goes to your earlier point, Judge Newman, that you made that the board's duty here is to develop evidence to make an informed medical opinion, and that's what the board was doing, and trying to sort of shortcut that process and stop it only after Ms. Poole put in her favorable evidence, which Ms. Poole thinks is sufficient, but we don't have a decision from the board whether it's sufficient or not. And the board is in a better position to obtain additional evidence, make a decision, and then have that be appealed in the ordinary courts. But they didn't obtain it. Just looking at it in not just an ideal world, but more often than not, the R.O. of the board would have obtained medical opinion, but they didn't. They didn't. That's why they remanded, and that's what Ms. Poole was trying to prevent. Is that why they remanded? Yes, that is why they remanded. However, they didn't fulfill that obligation. Why should this petitioner bear the burden of, again, months or years, I think, of back and forth when there was this slippage at the beginning? Your Honor, in this case, the agency is doing what it's statutorily obligated to do, to evaluate the veteran's claim, and several times the case has been remanded because the board improperly denied service connection under one statutory basis, and the veterans court said that you need to go and look under the other statutory basis. The process is unfortunately drawn out, but it does allow for submission of additional evidence, which Ms. Poole here benefited from, from being able to submit the Schmidt opinion. Well, they didn't benefit from the negative opinions. Well, there's been no decision yet on that, Your Honor, and that's exactly our point. This hasn't been adjudicated by the board in a decision that the veterans court then reviewed. Well, looking at the remand order, as Judge Dyke pointed out on page 78 of the appendix, it just says remand. This is not like the case in Tyrouse where there's a clear decision on one claim and a remand on the other. There's only a remand here. The court has no further questions on the writ of prohibition case. I'd like to reserve the remainder, well, to step down and address the other case after my colleague has a chance to. I'm just trying to think through. We have a veteran-friendly atmosphere. We have an environment. This petitioner did what was required, provided a medical opinion, and until we went through this hierarchy of up and down the scale, finally the board is doing what it should have done in the beginning. Now, who bears the burden of those delays? Again, looking at the statutory obligation to resolve doubt in favor of the veteran. Your Honor, the evidence that Ms. Poole put in was only put in in 2016 after eight years of up and down remands. The claim goes back. Ms. Poole, to the extent that she prevails, will receive dependency and indemnity compensation going back to 2004, the date of her husband's death. The process is sometimes longer than ideal, but as evident here, the additional time allowed Ms. Poole to find a medical opinion that she believes is favorable, and she was able to put that in in 2016. The board's continuing to develop that because the medical opinion that she provided doesn't address, it says that the lymphoma may have been caused by the shoulder injury, but it's not clear. And so the board, under its duty to make an informed decision, is continuing to develop that. I believe when they're remanded, they are expedited. What's the status of the remand? The board has obtained, has issued, I believe, a supplemental statement of the case and has issued a 90-day letter to Ms. Poole, and so I believe the decision is forthcoming shortly. 90-day letter saying what? That it's been remanded, that her appeal is being handled expeditiously, that she has 90 days, or until the board issues a decision to submit additional argument or evidence, but typically a 90-day letter means that a decision is coming very shortly. Okay. Thank you. Mr. Hattick, you have a couple of minutes of rebuttal, if you like, and we can proceed with the next case. We're sort of overlapping with it. I would like to revisit very briefly, if I could, a couple of questions from Judge Dyke. Your Honor, you asked why we saw this as remanding one issue as opposed to remanding both issues, and if you look at Appendix 60 of the board decision, at the very top it is talking about the 2012 opinion that the court has already found inadequate, talks about it addressing three theories. The next paragraph goes into saying it's, however, in the joint motion, they only found it inadequate as to that one theory. So the board identified three theories. The remand said that it was inadequate as to the other, and then it proceeded to remand to develop that theory that was inadequate. Our read of that is a clear signal to Ms. Poole that they are denying her legal theory because they're developing another one that they don't need to develop unless they have already decided, without writing it down, possibly, that this issue has no merit. Otherwise, they would not be developing extraneous evidence on an issue. It's exactly like Tyroos in the sense everything else is the same in Tyroos, except we don't have that clear and definitive denial. In Tyroos, you have presumptive service connection of a lung and direct service connection of a lung disorder, and the board denied, clearly and definitively denied, direct service connection of a lung and remanded for presumptive. If the facts in Tyroos are changed and the board just remands for presumptive, the issue is still there, is that denial of the direct service connection, even though it's silent, I suppose, is the word, even though the board did not explicitly say what it was supposed to say under 7104D3, then the veterans should still have had the opportunity to appeal that,  except that with the clear and definitive finality, it gives the 120-day limit under 7266. The other thing I would like to point out in regards to the 90-day letter is that it was issued in May of 2016, and we responded to that by providing the evidence that we've provided in this case. In February 2017, there was a supplemental statement of the case, and I'm not aware of any further action by the board on this case at this time. Okay. Thank you.